NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD BURRIGHT,

 Plaintiff-counter-
 defendant-Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a corporation,

 Defendant-counter-claimant-
 Appellant.

No. 23-35357

D.C. No. 3:22-cv-00667-MK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, Magistrate Judge, Presiding

Submitted October 23, 2024[**]
Portland, Oregon

Before: LEE, VANDYKE, and H.A. THOMAS, Circuit Judges.

Oregon law mandates certain minimum coverage for uninsured motorists in

all motor vehicle liability insurance policies. Oregon Revised Statutes ("ORS")

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

742.504(1)–(12). If a policy provides less favorable coverage than the statutory model policy, Oregon courts invalidate the offending exclusion/provision and require coverage. In our case, there is no dispute that the insurance policy at issue would not normally provide coverage because it does not cover the vehicle involved in the accident. The insured, however, still argues that he is entitled to coverage because a part of an exclusion that is irrelevant to the facts of the case provides less favorable coverage than the model policy. We disagree and hold that for a claimant to benefit from Oregon's minimum coverage scheme under ORS 742.504, the allegedly less favorable part of the challenged provision must implicate the facts of the claimant's case.

Richard Burright was injured in a vehicular accident by an uninsured motorist. At the time of the accident, Burright was insured under a motorcycle liability policy issued by State Farm Mutual Automobile Insurance Company for each of his four motorcycles: (1) a policy for his 2012 Harley Davidson, (2) a policy for his 2012 Suzuki, (3) a policy for his 2016 Honda, and (4) a policy for his 2014 Harley Davidson. Burright occupied the 2012 Harley Davidson at the time of the accident, after which he sought Uninsured Motorist ("UM") benefits under all four State Farm policies. State Farm paid the limit for the 2012 Harley Davidson policy but denied UM benefits under each of the other three policies, because those policies did not cover the 2012 Harley Davidson. Burright filed suit, and the district court granted

2

summary judgment in his favor.  We have jurisdiction under 28 U.S.C. § 1291 and reverse.

We review de novo a district court's order granting summary judgment, as well as questions of statutory interpretation.  *Chemehuevi Indian Tribe v. Newsom*, 919 F.3d 1148, 1150–51 (9th Cir. 2019) (citations omitted).

The Oregon Supreme Court set forth the overarching framework for analyzing Oregon's model UM statute in *Vega v. Farmers Insurance Co. of Oregon*, 918 P.2d 95 (1996).  *See Batten v. State Farm Mut. Auto. Ins. Co.*, 495 P.3d 1222, 1224–25 (Or. 2021) (en banc).  As *Vega* notes, the Oregon legislature has set out "a comprehensive model" policy of UM coverage at ORS 742.504(1)–(12).  918 P.2d at 101.  The statute requires policies to provide UM "'coverage that *in each instance is no less favorable in any respect* to the insured or the beneficiary than if' those model policy terms 'were set forth in the policy.'"  *Batten*, 495 P.3d at 1224 (quoting ORS 742.504) (emphasis added).

Burright does not dispute that his 2012 Harley Davidson was excluded under the policies for his 2012 Suzuki, 2016 Honda, and 2014 Harley Davidson, under each policy's Regular Use Exclusion.[1]  Rather, Burright argues that the Regular Use

---

[1] The Regular Use Exclusion states:

**Exclusions** [ . . . ]
    (2) . . . THERE IS NO COVERAGE FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY:***

3

Exclusion is otherwise broader—and thus less favorable—than ORS 742.504 permits. Specifically, Burright argues that the Regular Use Exclusion excludes four-wheeled vehicles and substitute vehicles from coverage, while the statutory model includes them at ORS 742.504(2)(m) and 742.504(2)(d)(A), respectively. Therefore, Burright argues that the Regular Use Exclusion is unenforceable under ORS 742.504 and he is entitled to coverage—even though the 2012 Harley Davidson was *not* a four-wheeled vehicle or substitute vehicle. Burright thus argues that the allegedly less favorable part of the provision he is challenging need not implicate the facts of his case for the provision to be unenforceable under ORS 742.504.

Burright is mistaken for several reasons. First, the plain language of ORS 742.504 indicates that we must look at the specific facts of a case—not the policy in the abstract—to determine whether a policy is "less favorable" than the statutory model. This is because the statute mandates UM coverage that "*in each instance* is no less favorable in any respect" than the statutory model policy's coverage. ORS 742.504 (emphasis added); *see Vega*, 918 P.2d at 100–01. An "instance" means an "example or occurrence," *Black's Law Dictionary* (12th ed. 2024), or "an individual illustrative of a category," *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/instance (last visited Oct. 15, 2024). Thus, in the insurance

---

a. WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY*** OR FURNISHED FOR THE REGULAR USE OF ***YOU*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***.

context, an "instance" of coverage means a specific instance or case in which coverage attaches.[2]

Next, the statute itself confirms this reading of ORS 742.504 through its use of the word "insured." ORS 742.504(2)(c)(A) defines "insured" as "[t]he named insured as stated in the policy." In other words, "the insured" in the statute refers to an actual claimant in an actual claim, not to any potential person in a potential claim. And a policy must provide UM coverage which is not less favorable to *that claimant* than the statutory minimum, judging by if the statutory model provisions were set forth in *that claimant*'s policy. Here, Burright's coverage is the same whether under his policies or the statutory model policy.

Finally, a close reading of *Vega* also confirms this approach. *Vega* held that in construing ORS 742.504, "the intent of the legislature . . . controls." 918 P.2d at 102 (citations omitted). The legislature's intent was to "protect[] . . . automobile insurance policyholder[s] against the risk of inadequate compensation" and to "place the injured policyholder in the same position he would have been in if the tortfeasor had had liability insurance." *Id.* at 103 (citations omitted). Yet the challenged part

---

[2] The alternative that Burright suggests would read the phrase "in each instance" out of the statute, because "in any respect" already captures the requirement that a UM policy may not be less favorable than the statutory model generally, in the abstract. "If the legislature desires to restrict the scope of coverage that the statute contemplates, it does not lack the linguistic tools necessary to achieve that outcome." *Carrigan v. State Farm*, 949 P.2d 705, 708 (Or. 1997).

of a UM provision that does not implicate the facts of the case cannot, logically speaking, impact the policyholder's "position." *See id.* at 103 n.13. Rather than preventing "inadequate compensation," knocking out an exclusion on this sort of abstract basis would provide the insured windfall coverage for which the parties never contracted.

Together, these principles confirm that Burright did not receive "less favorable" coverage under his motorcycle liability policies than ORS 742.504 permits. Even if those policies had contained the statutory model provisions, Burright would not have been covered here because he was not driving a four-wheeled vehicle or substitute vehicle at the time of the accident. Accordingly, State Farm was entitled to deny UM benefits under the Regular Use Exclusions of the 2012 Suzuki, 2016 Honda, and 2014 Harley Davidson policies.

We therefore **REVERSE** the district court's judgment and **REMAND** for further proceedings consistent with this disposition.